IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHELTON LUNDY, ) | CASE NO. 1:07-CV-3230 |
| ) | |
| Petitioner, ) | JUDGE JOHN ADAMS |
| ) | |
| V. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MAGGIE BEIGHTLER, WARDEN, ) | |
| ) | REPORT AND RECOMMENDATION |
| Respondent. ) | |

Petitioner, Shelton Lundy ("Lundy"), through counsel, challenges the constitutionality of his conviction in the case of *State of Ohio v. Shelton Lundy*, Cuyahoga County Common Pleas Case No. 04CR455918.  He filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 19, 2007, with the United States District Court for the Northern District of Ohio.  On January 18, 2008, Warden Maggie Beightler ("Respondent") filed her Answer/Return of Writ.  (Doc. No. 8.)  Lundy filed a Traverse on February 19, 2008.  (Doc. No. 9.)  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.

For the reasons set forth in detail below, it is recommended that Lundy's Petition be denied.

## I. Procedural History

### A.    Conviction

On September 21, 2004, the Cuyahoga County Grand Jury charged Lundy with four counts:  Counts one and two – open burning or dumping in violation of Ohio Rev. Code ("O.R.C.") § 3734.03; Count three – receiving stolen property in violation of O.R.C. § 2913.51; and, Count four – possession of drugs in violation of ORC § 2925.11.  (Resp. Exh. 2.)

Lundy, represented by counsel, pled "not guilty" and the matter proceeded to a jury trial

whereat he was found guilty as charged.  (Resp. Exh. 3.)  On September 1, 2005, the trial court sentenced Lundy to three years on both counts 1 and 2 and ten months on both counts 3 and 4.  Counts 1 and 2 were ordered to run consecutive to each other while Counts 3 and 4 were ordered to run concurrent with each other and with counts 1 and 2, for an aggregate prison term of 6 years.[1]  (*Id*.)

### B.  Direct Appeal

On September 20, 2005, Lundy, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court") presenting two assignments of error:

1. Mere presence is insufficient to sustain a conviction of possession of drugs.

2. The trial court erred in sentencing defendant-appellant to consecutive terms of imprisonment when it did not follow the statutory requirements for the imposition of such a sentence.

(Resp. Exh. 5.)

On July 6, 2006, the state appellate court affirmed Lundy's conviction and sentence.  (Resp. Exhs. 1, 7.)

On July 19, 2006, Lundy filed a *pro se* motion for reconsideration pursuant to App.R. 26.[2]  (Resp. Exh. 8.)  Lundy argued that his trial and appellate counsel were constitutionally ineffective.  He also argued that the application of *State v. Foster*, 109 Ohio St.3d 1 (2006) to his sentence violated the *ex post facto* clause of the U.S. Constitution.  Without opinion, the state appellate court denied the motion for reconsideration on July 25, 2006.  Lundy did not appeal

---

[1]The same day, Lundy was also sentenced in a separate case to ten months which was ordered to run concurrent to the other sentence.  (Resp. Exhs. 3, 22 (Sent. Tr. at 342.))

[2]Lundy did not specify whether this motion was filed under App.R. 26(A) or (B).  As it was filed *pro se,* the court must liberally construe a *pro se* litigant's motion and subject it to less stringent standards of specificity.  *See e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 549, 595, 30 L.Ed.2d 652 (1972) (*per curaim*); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  Therefore, this Court concludes he filed a 26(B) motion as to ineffective assistance of counsel.  In Ohio, a claim for ineffective assistance of appellate counsel is properly raised initially in an application to reopen an appeal pursuant to App. Rule 26(B).  *See State v. Murnahan*, 63 Ohio St.3d 60 (1992).

this denial to the Ohio Supreme Court.

On July 28, 2006, Lundy filed a timely *pro se* notice of appeal with the Supreme Court of Ohio repeating his two assignments of error as propositions of law. (Resp. Exhs. 10, 11.)

On August 31, 2006, Lundy, through new counsel, filed an amended notice of appeal with the Ohio Supreme Court raising three amended propositions of law:

> Amended Proposition of Law No. 1. The sentencing provisions in Title 29 of the Ohio Revised Code apply to criminal defendants who are sentenced for open dumping, under R.C. 3734.99
>
> Amended Proposition of Law No. 2. Neither Title 29 nor Title 37 of the Ohio Revised Code authorizes consecutive terms.
>
> Amended Proposition of Law No. 3: Appellate counsel provides ineffective assistance when counsel fails to raise the issue of an illegal sentence.

(Resp. Exhs. 12, 13.) In the Traverse, Lundy asserts that in his first and second amended propositions of law he presented claims that both his non-minimum and consecutive sentences violated *Blakely v. Washington*, 542 U.S. 296 (2004), and that he should be resentenced to a minimum, concurrent term of imprisonment under *State v. Foster*, 109 Ohio St.3d 1 (2006).[3] In the third proposition of law, Lundy claimed that appellate counsel was ineffective as he did not argue that his sentence violated *Blakely*.

On September 11, 2006, the State filed a waiver of memorandum.[4] On November 1, 2006, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Resp. Exhs. 14, 15.) No further appeal was taken.

### C. Federal Habeas Petition

On October 19, 2007, Lundy, through counsel, filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:

**Ground for Relief No. 1:** Mr. Lundy did not admit to the facts required

---

[3]Upon review of the record, it does not appear that Lundy raised the non-minimum claim to the state appellate court. *See* footnote 5.

[4]According to Ohio Sup. Ct. Rule III, Sec. 2(E), a state's waiver must be filed within twenty days of the jurisdiction memorandum. Therefore, it appears that the amended propositions of law were before the Ohio Supreme Court.

to support the non-minimum, consecutive sentences that the trial court imposed, and those facts were not proven beyond a reasonable doubt to a jury. Therefore, the trial court violated Mr. Lundy's Sixth Amendment right to trial by jury, and his right to due process of law as guaranteed by the Fourteenth Amendment. Further, the court of appeals erred when it held that the trial court was not required to comply with the requirements of the criminal sentencing code, because Mr. Lundy was sentenced for an unclassified felony under Ohio's environmental code.

**Ground for Relief No. 2**: Mr. Lundy was denied the effective assistance of trial and appellate counsel under *Strickland v. Washington*, because counsel did not raise the issue of an illegal sentence on direct appeal.

(Resp. Exh. 1.)

It is the position of the Respondent that all claims are exhausted.[5]

## II. Review on the Merits

This case is governed by AEDPA, 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d

---

[5]The Court, after reviewing the record, determined that Lundy's claim as to his non-minimum sentence was not presented to the state court. The Court declines to address the exhaustion issue as Lundy's non-minimum sentencing claim lacks merit. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). If the court finds that "'the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion,' nonexhaustion and procedural default should be excused." *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir.1999) (*quoting Cain v. Redman*, 947 F.2d 817, 820 (6th Cir.1991)); *see also Linscott v. Rose*, 436 F.3d 587, 592 (6th Cir.2006).

1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law."  *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Id.* at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

The federal habeas statute is limited to federal claims, that is, alleged violations "of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It is settled law that "errors in application of state law . . . are usually not cognizable in federal habeas corpus [unless there is] a denial of fundamental fairness. . . ."  *Hutchison v. R.C. Marshall*, 573 F.Supp. 496, 500 (S.D. Ohio 1983) (*quoting Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)).  Additionally, federal habeas courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice."  *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  Similarly, a federal court is not free to ignore the pronouncement of a state appellate court on matters of state law.  *Richards v. Money*, 2005 WL 1181856, Case No. 1:03CV1532, *4 (N.D. Ohio, May 18, 2005) (O'Malley, J.) (*citing Central States, Southeast & Southwest Areas Pension*

-5-

*Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000)).

If a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, a federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). *See also Cobbin v. Hudson,* 2008 WL 552484, Case No. 1:05CV2809, *15 (N.D. Ohio Feb. 26, 2008) (Polster, J.); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (*de novo*);(discussing alternate standards); *McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th Cir. 2003), *cert denied*, 540 U.S. 1158 (2004) (same); *Howard v. Bouchard*, 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006) (same). This review is not a full *de novo* review, but is deferential to the state court's determination. *Harris*, 212 F.3d at 943. Federal courts have referred to this type of review as "intermediate." *Cobbin* at *15. When a state court decides a constitutional issue by form order or without extended discussion, the intermediate approach should be applied with the habeas court focusing on the result of the state court's decision. *Id*. *See also Moldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005), cert denied, 546 U.S. 1101 (2006); *Howard*, 405 F.3d at 467. The Ohio Supreme Court statement of "no substantial constitutional question" equates with an unreasoned disposition requiring "intermediate" review. *Cobbin* at 15.

When there is no decision or "no results," federal review is *de novo*. *See Wiggins v. Smith*, 539 U.S. at 534 (*de novo* where there was no state court decision on second prong of *Strickland* test).

**A. Ground One**

In *Blakely*, the United States Supreme Court applied the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The *Blakely* Court held that:

[T]he "statutory maximum" . . . is the maximum sentence a judge may impose *solely on*

-6-

> *the basis of the facts reflected in the jury verdict or admitted by the defendant* . . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," *Bishop, supra* § 87, at 55, and the judge exceeds his proper authority.

*Blakely, supra*, 542 U.S. at 303-304 (emphasis in original)(citations omitted). The reasoning in *Blakely* and its federal counterpart, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), disfavors determinate sentencing schemes which require the sentencing judge to apply finite variables to calculate a permissible sentence and limit judicial discretion.

On February 27, 2006, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1 (2006) which struck down O.R.C. §§ 2929.14(B)[6] and (E)(4)[7] as unconstitutional under *Blakely* because the statute required a court to make judicial findings, not proven to a jury beyond a reasonable doubt or admitted by the defendant, before the imposition of certain sentences. *Foster*, 109 Ohio St.3d at 26. As a remedy, the Ohio Supreme Court severed O.R.C. §§ 2929.14(B) and (E)(4), allowing trial courts full discretion to impose a prison sentence within the statutory range and no longer requiring findings or reasons for imposing consecutive sentences or those beyond the statutory minimum. *Id*. at 31. The *Foster* Court held that its ruling must be applied to all cases on direct review or not yet final. *Id*.

In the case at bar, *Blakely* was decided on June 24, 2004, more than a year prior to

---

[6] O.R.C. § 2929.14(B) provided, in pertinent part: "the Court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section" unless "(1) the offender was serving a prison term, or had previously served a prison term, or (2) the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."

[7] O.R.C. § 2929.14(E)(4) provided, in pertinent part: "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
\* \* \*
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

Lundy's sentencing, and *Foster* was decided after his sentencing, but while his case was on direct review.  Only Lundy's three-year sentences for open dumping and burning (counts 1 and 2) are at issue here.

At the sentencing hearing on September 1, 2005, the court stated that because Counts 1 and 2 arose under Title 37, the requirements of O.R.C. §§ 2929.12 to 2929.19 were not applicable.  (Resp. Exh. 22, Sent. Tr. at 339.)  The court relied on *State v. Jackson*, 1997 Ohio App. LEXIS 5433, Case No. Lawrence App. No. 97CA2, which concluded that when a defendant is being sentenced pursuant to Title 37, it was unnecessary for the trial court to comply with certain requirements of Title 29.  Subsequently, in *State v. Steiner*, 2002 WL 1821748, Case Nos. 80488, 80489, 80490, *4 (8th Dist. Aug. 8, 2002), the Eighth District Appellate Court followed *Jackson* and stated that sentences under O.R.C. § 3734.99 "stand alone" and are not subject to the guidelines in Chapter 29.  Furthermore, the *Steiner* Court found that a violation of an environmental statute results in an unspecified felony, which renders compliance with the specific felony sentencing guidelines impossible.  *Steiner* at ¶ 22.

Lundy claims the state appellate court erred in concluding that Chapter 29 did not control his sentencing.  As this ground is based solely on an alleged error of state law, it is not cognizable in federal habeas review.  *See Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998), *cert. denied*, 525 U.S. 935 (1998) (*citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hutchinson v. Marshall*, 744 F.2d 44, 46-47 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985).  As the state appellate court concluded that Lundy was properly sentenced under Title 37, the only remaining question is whether the sentence violated the United States Supreme Court ruling in *Blakely*.

In order for Lundy to prevail under *Blakely*, he must establish that the trial court engaged in some sort of judicial factfinding resulting in a sentence that would not have been statutorily permissible based upon the conviction alone.  This he has failed to do.  In fact, Lundy has not pointed to a single judicial factfinding that was made by the trial judge implicating *Blakely*.  His argument that had the factfindings required under O.R.C. Chapter 2929 to impose non-minimum and consecutive sentences been applied, *Blakely* would have, by necessity, been violated, is not

the case before the Court.

Ohio appellate courts have ruled that no findings are necessary to impose consecutive sentences under Chapter 37.  *See State v. Jackson, supra.*  In the case at bar, the state appellate court applied *Jackson* and ruled that the portions of O.R.C. § 2929 found to be unconstitutional in *Foster* did not apply to Lundy's sentencing for twice violating O.R.C. § 3734.03, a special and unclassified felony.  Since the trial court was not constrained by the provisions of Section 2929 when imposing non-minimum or consecutive sentences, the judge was free to impose a sentence within the statutory range of 2-4 years without making any additional findings beyond the facts reflected in the jury verdict.  *See* O.R.C. §3734.99.  If, as here, the court simply imposes a sentence not greater than the statutorily allowed maximum based only on the conviction, *Blakely* is not implicated.  The maximum sentence allowed by state law as to counts 1 and 2 is four years per count, or eight years consecutive.

As Lundy's sentence was within the lawful range under state law, Ground 1 is without merit.

### B.  Ground Two

Lundy also brings an ineffective assistance of appellate counsel for failing to raise a *Blakely* violation.  He argues that appellate counsel failed to raise a constitutional challenge to the trial court's imposition of non-minimum and consecutive prison terms.  Lundy claims he was prejudiced and that it was not harmless error as he is now serving an unconstitutional sentence.

As this Court has determined that there was no *Blakely* violation or unconstitutional sentence, the ineffective assistance claim is moot.

### III.  Evidentiary Hearing

In Lundy's Traverse, he requested the Court to hold an evidentiary hearing.

Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."  *Stanford v. Parker*, 266 F.3d 442, 459-460 (6th Cir.2001) (*citing Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994)) (citation and internal quotation omitted). However, a petition may be summarily dismissed if the record clearly

indicates that the petitioner's claims are either barred from review or without merit. *Id.*

In this case, upon review of the pleadings and transcripts, the issues presented can be resolved from the record. An evidentiary hearing is, therefore, not required.

### IV. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Lundy's Petition be denied.

s/ Greg White
U.S. MAGISTRATE JUDGE

Date:  October 17, 2008

**OBJECTIONS**
Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**