UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELTON LUNDY, | ) | CASE NO.: 1:07CV3230 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| MAGGIE BEIGHTLER, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Shelton Lundy. Upon due consideration, the Court overrules Lundy's objections. The Court adopts the recommendation of the Report and the petition is hereby DENIED.

**I.    Facts**

On September 11, 2004, Lundy was indicted on two counts of open burning or dumping in violation of Ohio Revised Code ("O.R.C.") § 3734.03, one count of receiving stolen property in violation of O.R.C. § 2913.51, and one count of possession of drugs in violation of O.R.C. § 2925.11. Following a jury trial, Lundy was convicted of all four counts in the indictment. On September 1, 2005, the trial court sentenced Lundy to three years on each count of open burning and ten months on each of the remaining counts in the indictment. The three year sentences were ordered to run consecutive to one another, but concurrent to the remaining sentences.

Accordingly, Lundy received an aggregate sentence of six years in prison.

After exhausting his state court remedies, Lundy filed the instant petition pursuant to 28 U.S.C. § 2254 on October 19, 2007.  In his filing, Lundy raised the following grounds for relief:

> 1) Mr. Lundy did not admit to the facts required to support the nonminimum, consecutive sentences that the trial court imposed, and those facts were not proven beyond a reasonable doubt to a jury.  Therefore, the trial court violated Mr. Lundy's Sixth Amendment right to trial by jury, and his right to due process of law as guaranteed by the Fourteenth Amendment.  Further, the court of appeals erred when it held that the trial court was not required to comply with the requirements of the criminal sentencing code, because Mr. Lundy was sentenced for an unclassified felony under Ohio's environmental code.
>
> 2) Mr. Lundy was denied the effective assistance of trial and appellate counsel under Strickland v. Washington, because counsel did not raise the issue of an illegal sentence on direct appeal.

Doc. 1-2.  In his decision, the Magistrate Judge concluded that Lundy's two grounds lacked merit. Lundy timely filed objections to the Report, arguing that the Magistrate Judge erred in finding that his challenges lacked merit.  The Court now reviews Lundy's objections.

**II.    Law and Analysis**

    **A.  Lundy's Objections**

Both of Lundy's objections are premised upon a finding that his sentence violated his Sixth Amendment right to a trial by jury.  The Court has conducted a *de novo* review of Lundy's objections.

In resolving Lundy's claims, the Magistrate Judge found that any Sixth Amendment argument could arise only under the previously-required judicial fact finding contained in Ohio Revised Code Chapter 29.  In the instant matter, Lundy was convicted under Chapter 37.  In that respect, the state appellate court determined that "although a trial court in sentencing an offender must consider the overriding purposes as expressed in R.C. 2929.12, since the violation of an environmental statute results in an unspecified felony, compliance with 'specific felony sentencing

guidelines [is] impossible.'"  *State v. Lundy*, 2006-Ohio-3497, at ¶26 (Ohio Ct. App. July 6, 2006) (quoting *State v. Steiner,* 2002-Ohio-4019, at ¶22 (Ohio Ct. App. Aug. 8, 2002)).  Accordingly, the Magistrate Judge concluded that Lundy's sentencing did not invoke the fact finding requirements in Chapter 29 that were later found to violate the Sixth Amendment.

In his objection, Lundy contends that his sentencing necessarily invoked Chapter 29 because it contains the only statutory authority for consecutive sentences.  Assuming that Lundy is correct, i.e., that Chapter 37 does not authorize consecutive sentences; any error in imposing consecutive sentences would be a matter of state law, not a constitutional error cognizable in habeas.  That is, if the trial court was required to invoke Chapter 29 and failed to do so, that error is not one of constitutional magnitude.

Furthermore, assuming *arguendo* that Chapter 29 was somehow invoked, any error in Lundy's sentence was harmless.  Even if there was a sentencing error, the Court will not issue the writ if it determines that the error was harmless.  *See U.S. v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005). "Under the harmless error test, a remand for an error at sentencing is required unless [this Court is] certain that any such error was harmless - *i.e.* any such error 'did not affect the district court's selection of the sentence imposed.'"  *Id*. (quoting *Williams v. U.S.*, 503 U.S. 193, 203 (1992)).

Prior to the Ohio Supreme Court's ruling in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), Ohio law required that the trial court make certain findings before imposing a sentence beyond the presumptive minimum and before imposing consecutive sentences.  The *Foster* Court found that these required findings violated the Sixth Amendment.  Accordingly, that Court severed the offending portions of the statutes and gave Ohio trial court judges full discretion to impose any sentence within the statutory range without making any findings of fact.  "[T]he new structure

actually works to [the defendant's] detriment, as trial courts are now no longer required to make any findings or give any reasons when imposing consecutive sentences." *Minor v. Wilson*, 213 Fed. Appx. 450, 453 n.1 (6th Cir. 2007).

While this District has issued conflicting decisions on the issue of harmless error under this scenario, this Judge has previously determined that that any such error is harmless. *See Smith v. Moore*, Case No. 5:06CV2959, 2008 WL 3890009 (N.D. Ohio Aug. 19, 2008). As noted above, prior to *Foster*, the Ohio Court was required to make findings prior to *increasing* a defendant's sentence by running his sentences consecutively. As a result, those findings that were found to violate the Sixth Amendment actually served to protect a defendant from a harsher sentence. Accordingly, the Court can say with certainty that the error complained of "did not affect the [] court's selection of the sentence imposed." *Hazelwood*, 398 F.3d at 801. If anything at all, the prior unconstitutional sentencing structure benefited Lundy and prohibited the trial court from imposing an even higher sentence.

> Indeed, *Foster* represents a Pyrrhic victory for … defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statutes that required judicial findings for the imposition of higher than minimum sanctions, [the Ohio Supreme Court] did not adopt their proposed remedy of mandatory minimum sentences. Since *Foster*, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion.

*State v. Payne*, 873 N.E.2d 306, 311 (Ohio 2007).

In apparent response to this argument, Lundy has argued that the Court may not rely upon the *Foster* remedy in any manner because applying that remedy violates the *ex post facto* provisions of the Constitution. This Court has previously rejected such an argument. *Smith, supra; Watkins v. Williams*, Case No. 3:07CV1296, 2008 WL 2484188 (N.D.Ohio June 17, 2008) (finding that the *Foster* remedy does not violate the due process or *ex post facto* provisions of the

U.S. Constitution).

Based upon the above, the Court finds no merit in Lundy's objections.  Lundy has not established any constitutional error in his sentencing.   Furthermore, even assuming such an error occurred, the error was harmless beyond a reasonable doubt.  As a result, Lundy cannot demonstrate error by his appellate counsel in failing to raise the above-described sentencing issue.  Consequently, Lundy's objections are overruled.

### III.    Conclusion

Lundy's objections are overruled.  The Report is adopted.  The petition is hereby DENIED.

Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

IT IS SO ORDERED.


October 30, 2008                              /s/ John R. Adams
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE